UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
**SHARITA T. PATTERSON**,

               Plaintiff,

          -against-

**THE CITY OF NEW YORK**; **NEW YORK POLICE DEPARTMENT**; **INVESTIGATOR ASTARITA**, *Detective assigned to the special patrolman license division*; **BROOKLYN PUBLIC LIBRARY**; *and* **DISTRICT COUNCIL 37 UNION**,

               Defendants.
--------------------------------------------------------------------x

                      **MEMORANDUM & ORDER**

                      26-CV-4190 (NRM)(CHK)

**NINA R. MORRISON**, United States District Judge:

Plaintiff Sharita T. Patterson, proceeding *pro se*, filed two identical[1] civil actions related to the loss of her job. She brought one case before this Court on February 26, 2025. *See Patterson v. City of New York*, No. 25-CV-1202 (E.D.N.Y.), ECF No. 1. By Order dated June 9, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis*, dismissed the complaint, and directed Plaintiff to file an amended complaint within 30 days. No. 25-CV-1202, ECF No. 5. Plaintiff filed an amended complaint on July 9, 2025. No. 25-CV-1202, ECF No. 6. On October 19, 2025, the Court dismissed the amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). No. 25-CV-1202, ECF No. 7.

Plaintiff filed an identical complaint in the United States District Court for the

---

[1] The only discernable difference between the two complaints is that the complaint filed initially in New Jersey has the signature line on a different page.

District of New Jersey on February 13, 2025.  *See Patterson v. City of New York*, No. 26-CV-4190 (E.D.N.Y.), ECF No. 1.  On July 6, 2026, that court transferred it to the United States District Court for the Southern District of New York.  No. 26-CV-4190, ECF No. 3.  On July 8, 2026, the Southern District transferred the case to this Court. No. 26-CV-4190, ECF No. 7.

Plaintiff's claims in the instant transferred action are barred under the doctrines of collateral estoppel (issue preclusion) and *res judicata* (claim preclusion), which "protect parties from having to relitigate identical claims or issues and . . . promote judicial economy."  *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998).  "Collateral estoppel bars a party from raising a specific factual or legal issue in a second action when the party had a full and fair opportunity to litigate the issue in a prior proceeding."  *Id.*  *Res judicata* bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000).

The instant complaint's factual allegations — related to Plaintiff's termination from the Brooklyn Public Library following her July 25, 2023 arrest and the subsequent suspension of her Special Patrolman designation — and legal arguments — that her termination violated due process — were previously raised and fully

2

adjudicated in Docket Number 25-CV-1202 and are thus precluded by *res judicata* and collateral estoppel.

## CONCLUSION

The instant complaint is dismissed under the doctrines of *res judicata* and collateral estoppel. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment and to mail a copy of this Order and the Judgment to Plaintiff and note the mailing on the docket.

**SO ORDERED.**

_____*/s/ Nina R. Morrison*_____
**NINA R. MORRISON**
United States District Judge

Dated: July 20, 2026
        Brooklyn, New York

3